**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JACQUELINE SPIVEY, a/k/a Vamp,

*Defendant-Appellant.*

No. 01-4766

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-00-752)

Submitted: April 30, 2002

Decided: June 3, 2002

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Janis Richardson Hall, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jacqueline Spivey appeals her conviction of conspiracy to possess with intent to distribute over fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (West 1994), and her sentence of 151 months' imprisonment. Spivey's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), briefing two issues, but concluding there was no error. We affirm.

Prior to accepting Spivey's guilty plea, the district court engaged in a thorough colloquy held pursuant to Fed. R. Crim. P. 11. During the Rule 11 hearing, the district court established Spivey's competence and satisfaction with her attorney, explained what constitutional rights she was relinquishing by pleading guilty, established she understood and reviewed the charges filed against her, informed her of the elements of the offenses and the mandatory minimum and possible maximum punishments, and explained the Sentencing Guidelines and supervised release. Spivey acknowledged her guilt and stated no promises had been made in exchange for her plea. The district court found a factual basis supported the charge and accepted the plea, which Spivey signed. Consequently, we find no error surrounding the Rule 11 hearing. *See United States v. DeFusco*, 949 F.2d 114, 117, 120 (4th Cir. 1991).

The district court sentenced Spivey to 151 months' imprisonment, which was within the range of 135-168 months calculated under the Sentencing Guidelines and reflected a three level downward adjustment for acceptance of responsibility. *See U.S. Sentencing Guidelines Manual* §§ 2D1.1(c)(2), 3E1.1(a), (b) (2000). The statutory maximum term of imprisonment was life imprisonment. *See* 21 U.S.C.A. § 841(b)(1)(A) (West 1999). Because Spivey's sentence did not exceed the maximum allowed by the Guidelines or statute, we will not review the sentence. *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990) (finding challenge to court's exercise of discretion in setting a sentence in a properly calculated guideline range not addressable on appeal).

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm

Spivey's conviction and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*